UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ORIENTHAL DELEANOR LIGGINS, | ) | No. ED CV 10-00988-JST (VBK) |
| Petitioner, | ) ) | ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF |
| v. | ) ) | THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING THE |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) | PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) ) ) | |

Pursuant to 28 U.S.C. §636, the Court has made a <u>de novo</u> review of the Second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition"), Respondent's Answer, Petitioner's Traverse, all of the records herein and the Report and Recommendation of the United States Magistrate Judge ("Report").

The Court makes the following change to the Report:

(1) page 28, lines 24-25: delete "[To me: counsel's fault for ensuing procedural defaults?]."

//

//

//

**IT IS ORDERED** that: (1) the Court accepts and adopts the Report and Recommendation, (2) the Court declines to issue a Certificate of Appealability ("COA");[1] and (3) Judgment be entered denying and dismissing the Second Amended Petition with prejudice.

DATED: June 11, 2013

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

---

[1] Under 28 U.S.C. §2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that, to obtain a Certificate of Appealability under §2253(c), a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595 (2000)(internal quotation marks omitted); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003). After review of Petitioner's contentions herein, this Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a COA.

2